IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY BIGGS,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS JEFFERSON UNIVERSITY HOSPITAL,<br><br>    Defendant. | CIVIL ACTION<br>13-03037 |

**OPINION**

**Slomsky, J.**                                                                                                          **July 28, 2014**

**I.     INTRODUCTION**

On June 3, 2013, Plaintiff Timothy Biggs ("Plaintiff") instituted this employment action under the Americans with Disabilities Act ("ADA") against Defendant Thomas Jefferson University Hospital ("Jefferson"). Plaintiff was employed as a nursing assistant with Jefferson until he was terminated on February 2, 2012.

In Count One of his Complaint, Plaintiff alleges two violations of the ADA. The first violation is that Jefferson failed to provide a reasonable accommodation to Plaintiff and failed to engage in an interactive process with him regarding his need for accommodation. (Id. at ¶ 28.) The second is that Plaintiff was terminated in retaliation for requesting a reasonable accommodation under the ADA.[1] (Doc. No. 1 at ¶ 27.)

---

[1] In Plaintiff's Response to the Motion for Summary Judgment, Plaintiff stated that he will "no longer proceed with the claims for Family Medical Leave Act ("FMLA") interference/retaliation or disability discrimination" and instead will proceed with the claims under the ADA. (Doc. No. 20. at 1.) The Court construes this concession to mean that Plaintiff has withdrawn the FMLA claims in Count Two and the claim for disability discrimination under the ADA in Count One. Therefore, this Opinion will only address the retaliation and failure to accommodate claims under the ADA.

1

Jefferson filed a Motion for Summary Judgment. (Doc. No. 17.) Plaintiff filed a Response in Opposition, and Jefferson filed a Reply. (Doc. Nos. 20, 21.) The Motion is now ripe for disposition. For reasons that follow, Jefferson's Motion for Summary Judgment will be denied.[2]

## II.   UNCONTESTED FACTS

The following facts are uncontested. In or about September 1987, Plaintiff was hired by Jefferson as a nursing assistant. (Doc. No. 1 at ¶¶ 11-12; Doc. No. 21 at ¶ 1.) John Ervin was the Operating Room Manager at Jefferson and was Plaintiff's supervisor. (Doc. No. 1 at ¶ 13.) For approximately ten years, Plaintiff has suffered from diabetes and various digestive problems. (Id. at ¶¶ 14-15.) Because of these medical conditions, Plaintiff has been hospitalized and taken medical leave from work on several occasions. (Id. at ¶ 15.)

From December 19, 2011 through December 25, 2011, Plaintiff was hospitalized for intractable vomiting, high blood pressure, and diabetes. (Doc. No. 20, Ex J.) On December 28, 2011, Plaintiff made a formal request to take short term leave from December 20, 2011 through January 12, 2012, pursuant to the Family Medical Leave Act ("FMLA").[3] (Doc. No. 17, Ex D at 25.) However, Plaintiff was denied medical leave under the FMLA because he had not accrued the required hours.[4] (Doc. No. 20 at 2.) A Human Resources ("HR") Representative from Jefferson informed Plaintiff that he might instead qualify for Jefferson Medical Leave ("JMLA"),

---

[2] In deciding the Motion for Summary Judgment, the Court has considered the Complaint (Doc. No. 1), Defendant's Motion for Summary Judgment (Doc. No. 17), Defendant's Statement of Undisputed Facts (Doc. No. 17-1), Plaintiff's Response (Doc. No. 20), Plaintiff's Statement of Material and Disputed Facts (Doc. No. 20-1), and Defendant's Reply (Doc. No. 21).

[3] The FMLA requires covered employers to provide eligible employees with unpaid, job-protected leave for qualified medical and family reasons. 29 U.S.C. § 2612(a)(1)(D).

[4] An employee is only eligible for FMLA if he has worked for the employer for at least 12 months and completed 1,250 hours during that 12 month period. 29 U.S.C. § 2611 (2)(A)(i-ii).

a non-FMLA medical leave of absence that Jefferson provides to employees for certain absences not covered by the FMLA.  (Doc. No. 17, Ex D at 2.)  To qualify for JMLA leave, Plaintiff was required to submit a completed doctor's certification to Jefferson by January 19, 2012.  (Doc. No. 20, Ex W at 2.)  He was permitted to submit the certification after returning to work.

From December 19, 2011 to January 9, 2012, Plaintiff was absent from work.  He returned to work on January 9, 2012 and continued working until February 2, 2012.  (Doc. No. 1 at ¶ 21.)  On February 2, 2012, Plaintiff was terminated due to an "unauthorized leave of absence" from work for his absences from December 19, 2011 to January 9, 2012.  (Id. at ¶ 53; Doc. No. 1 at ¶ 23.)  The termination letter to Plaintiff states:

> Dear Mr. Biggs,
>
> A notification requesting an explanation for your unauthorized absence from December 20, 2011 until January 9, 2012 was sent to you on January 16, 2012, with a due date of January 21, 2012, or your position would be terminated.  Having failed to appropriately respond, you are hereby terminated from your position of Nursing Assistant A OR in the Department of Nursing Services for your above listed absence without proper authorization in violation of Jefferson's leave and attendance policies.  Please return all Jefferson property.  Any monies owed you will be sent to you[r] address of record.
>
> Sincerely,
>
> John A. Ervin.

(Doc. No. 17, Ex D at 12.)

### III.   STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In reaching this decision, the court must determine whether "the pleadings, depositions, answers to

3

interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Favata v. Seidel, 511 F. App'x 155, 158 (3d Cir. 2013) (quoting Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010) (quotation omitted)).  A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  For a fact to be considered "material," it "must have the potential to alter the outcome of the case." Favata, 511 F. App'x at 158.  Once the proponent of summary judgment "points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Id. (quoting Azur, 601 F.3d at 216 (internal quotation marks omitted)).

In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. (quoting Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ., 587 F.3d 176, 181 (3d Cir. 2009) (quotation omitted)).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Anderson, 477 U.S. at 247–249.  Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the Court must credit the non-moving party's evidence over that presented by the moving party. Id. at 255.  If there is no factual issue, and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party. Id. at 250.

IV.  ANALYSIS

**A. Summary Judgment Will Be Denied on Plaintiff's Failure to Accommodate Claim**

In Count One, Plaintiff alleges that Jefferson failed to offer him a reasonable accommodation for his disability.  Failure to provide a reasonable accommodation is unlawful discrimination under the ADA.  42 U.S.C. § 12112(b)(5)(A).  A plaintiff alleging unlawful accommodation discrimination under the ADA must show that (1) he is disabled, (2) he is qualified to perform the essential functions of his job[5], and (3) his employer refused to provide him with a proposed reasonable accommodation, or failed to engage in an interactive process after he requested accommodation, even though reasonable accommodation was possible.  Id. An employer must then show that the proposed accommodation was unreasonable or would have caused undue hardship, or that the employer proposed a reasonable accommodation that the employee rejected.  Id.; Solomon v. Sch. Dist. of Philadelphia, 882 F. Supp. 2d 766, 779 (E.D. Pa. 2012).  If the plaintiff can show that the requested accommodation was reasonable, the burden then shifts to the defendant to show that the proposed accommodation was unreasonable, or would have caused the defendant undue hardship.  A reasonable accommodation includes providing medical leave and any additional unpaid leave required for necessary medical treatment.  Williams, 380 F.3d at 772; Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 151 (3d Cir. 2004).  A reasonable accommodation may constitute a period of medical leave up to three months.  Shannon v. City Of Philadelphia, 98-5277, 1999 WL 1065210 (E.D. Pa. Nov. 23, 1999); Rascon v. U.S. West Communications, Inc., 143 F.3d 1324 (10th Cir. 1998).

Engaging in an "interactive process" requires reasonable efforts, on the part of an employer, to assist the employee and to communicate with the employee in good faith.  Megine

---

[5] The parties do not dispute that Plaintiff is disabled or qualified to perform the essential functions of his job. (Doc. No. 20 at 3; Doc. No. 17 at 13.)

v. Runyon, 114 F.3d 415 (3d Cir. 1997); Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751 (3d Cir. 2004); Solomon, 882 F. Supp. 2d 766. However, an "employer cannot be faulted if after conferring with the employee . . . the employee then fails to supply information that the employer needs, or does not answer the employer's request for more detailed proposals." Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 317 (3d Cir. 1999).

Here, there are issues of material fact regarding whether Plaintiff properly requested a reasonable accommodation from Jefferson. According to Jefferson, Plaintiff failed to submit the required documentation explaining his absences from January 2, 2012 to January 9, 2012.[6] (Doc. No. 21 at 2.) Jefferson claims that HR provided Plaintiff with two copies of the required paperwork but he failed to complete it by the requisite deadline. According to Plaintiff, he personally delivered the JMLA documentation to Jefferson on January 9, 2012. (Doc. No. 20 at ¶ 40.) Plaintiff also claims to have left several messages for Carmella Harrison, the Leave Administrator in the HR department, regarding the paperwork. (Id. at ¶ 37.)

As noted, it is not the Court's task to resolve issues of credibility at the summary judgment stage of litigation. Accordingly, the Court is not permitted to decide which party to believe on the issue of Plaintiff's request for leave. Because Plaintiff's claim for failure to accommodate requires a showing that he requested a reasonable accommodation, which is in dispute, this constitutes an issue of material fact. Thus, summary judgment in favor of Defendant is not appropriate.

---

[6] According to Jefferson, while Plaintiff submitted paperwork to excuse his absences from December 20, 2011 to January 2, 2011, he failed to submit the required documentation to request JMLA leave for his absences from January 2, 2011 to January 9, 2012. (Doc. No. 21 at 2.)

## B. Summary Judgment Will Be Denied on Plaintiff's Retaliation Claim

In Count One, Plaintiff also alleges that Jefferson retaliated against him after he requested an accommodation. Retaliation against an employee for requesting an accommodation is prohibited discrimination under the ADA. 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation under the ADA, a plaintiff must show that: (1) he engaged in a protected employee activity[7]; (2) his employer took some adverse action either after or contemporaneous with that protected activity; and (3) a causal connection existed between the employee's protected activity and the employer's adverse action. Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997).

A causal connection can be demonstrated by providing direct or circumstantial evidence of (1) unusually suggestive temporal proximity; (2) a pattern of antagonism following the protected activity; or (3) a showing that the reason for his alleged adverse action is pretextual. Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007); Krouse, 126 F.3d 494. If the employee establishes a prima facie case for retaliation, the burden then shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment action. Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).

As stated supra, the parties dispute whether Plaintiff requested an accommodation by submitting the required forms for JMLA leave. According to Jefferson, while Plaintiff submitted paperwork to excuse his absences from December 20, 2011 to January 2, 2011, he failed to submit the required documentation to request JMLA leave for his absences from January 2, 2011

---

[7] The parties do not dispute a request for a reasonable accommodation is considered protected activity under the ADA. Fogleman v. Greater Hazelton Health Alliance, 122 F. App'x. 581 (3d Cir. 2004).

to January 9, 2012.  (Doc. No. 21 at 2.)  According to Plaintiff, he personally delivered the JMLA documentation to Jefferson on January 9, 2012.  (Doc. No. 20 at ¶ 40.)

Under the ADA, a request for a reasonable accommodation constitutes protected activity. Fogleman, 122 F. App'x. 581.  To establish a prima facie case of retaliation under the ADA, Plaintiff must show that he engaged in protected employee activity.  Krouse, 126 F.3d at 500.  As noted above, since the parties disagree as to whether Plaintiff made such a request by submitting the required paperwork, an issue of material fact exists as to whether Plaintiff requested an accommodation.  If Jefferson terminated Plaintiff because he requested an accommodation, that would constitute retaliation.  Again, it is not appropriate for the Court to make credibility determinations at this stage of the case on this issue.  Thus, summary judgment will be denied with respect to Plaintiff's retaliation claim under the ADA.

## V.    CONCLUSION

In conclusion, because genuine issues of material fact exist with respect to both of Plaintiff's claims, the Court will deny Jefferson's Motion for Summary Judgment.