

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY BIGGS, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY HOSPITAL, <br><br> Defendant. | CIVIL ACTION <br> No. 13-3037 |

**OPINION**

**Slomsky, J.**



November 19, 2014

## I. INTRODUCTION

On June 3, 2013, Plaintiff Timothy Biggs ("Plaintiff") instituted this employment action under the Americans with Disabilities Act ("ADA") against Defendant Thomas Jefferson University Hospital ("Jefferson"). On April 16, 2014, Jefferson filed a Motion for Summary Judgment. (Doc. No. 17.) On July 28, 2014, the Motion was denied for reasons stated in an Opinion of this Court. (Doc. Nos. 22, 23.) On July 30, 2014, Jefferson filed a Motion for Reconsideration of the Court's denial of summary judgment. (Doc. No. 26.) Plaintiff filed a Response in Opposition and Jefferson filed a Reply. (Doc. Nos. 27, 28.) For reasons that follow, Jefferson's Motion for Reconsideration will be denied.

## II. BACKGROUND

In September 1987, Plaintiff was hired by Jefferson as a nursing assistant. (Doc. No. 1 at ¶¶ 11-12; Doc. No. 21 at ¶ 1.) John Ervin was the Operating Room Manager at Jefferson and Plaintiff's supervisor. (Doc. No. 1 at ¶ 13.) During his employment, Plaintiff developed a

medical condition. For about the last ten years, he has suffered from diabetes and various digestive problems. (Id. at ¶¶ 14-15.) Because of these medical conditions, he has been hospitalized and has taken medical leave from work on several occasions. (Id. at ¶ 15.)

From December 19, 2011 to December 25, 2011, Plaintiff was hospitalized for intractable vomiting, high blood pressure, and diabetes. (Doc. No. 20, Ex. J.) On December 28, 2011, Plaintiff completed a formal request to take short term leave from December 20, 2011 to January 12, 2012, pursuant to the Family Medical Leave Act ("FMLA").[1] (Doc. No. 17, Ex. D at 25.) Plaintiff was denied leave because he had not accrued the required hours under the FMLA.[2] (Doc. No. 20 at 2.) A Human Resources ("HR") Representative from Jefferson told Plaintiff that instead he might qualify for Jefferson Medical Leave ("JMLA"), a non-FMLA medical leave of absence that Jefferson provides to employees for certain absences not covered by the FMLA. (Doc. No. 17, Ex. D at 2.) To qualify for JMLA leave, Plaintiff was required to submit a completed doctor's certification to Jefferson by January 19, 2012. (Doc. No. 20, Ex. W at 2.)

From December 19, 2011 to January 9, 2012, Plaintiff was absent from work. He returned to work on January 9, 2012 and continued working until February 2, 2012. (Doc. No. 1 at ¶ 21.) On January 9, 2012, Ervin told Plaintiff that Jefferson had not received the doctor's certification by the required deadline to qualify for JMLA leave. (Doc. No. 20 at ¶ 34; Doc. No. 21 at ¶ 41.) On January 16, 2012, Plaintiff informed HR that he had not received the JMLA leave paperwork and that his address had changed. (Doc. No. 21 at ¶ 46.)

---

[1] The FMLA requires covered employers to provide eligible employees unpaid, job-protected leave for qualified medical and family reasons. 29 U.S.C. § 2612(a)(1)(D).

[2] An employee is eligible for FMLA only if he or she has worked for an employer a minimum of 12 months and completed 1,250 hours during that 12 month period. 29 U.S.C. § 2611 (2)(A)(i-ii). Plaintiff did not have enough hours to qualify for FMLA.

On February 2, 2012, Plaintiff was terminated due to an "unauthorized leave of absence" from work for his absences from December 19, 2011 to January 9, 2012. (Id. at ¶ 53; Doc. No. 1 at ¶ 23.) The termination reads as follows:

> Dear Mr. Biggs,
>
> A notification requesting an explanation for your unauthorized absence from December 20, 2011 until January 9, 2012 was sent to you on January 16, 2012, with a due date of January 21, 2012, or your position would be terminated. Having failed to appropriately respond, you are hereby terminated from your position of Nursing Assistant A [sic] OR in the Department of Nursing Services for your above listed absence without proper authorization in violation of Jefferson's leave and attendance policies. Please return all Jefferson property. Any monies owed you will be sent to you[r] address of record.
>
> Sincerely, John A. Ervin.

(Doc. No. 17, Ex. D at 12.)

### III. STANDARD OF REVIEW

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation marks omitted)). Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)). However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through— rightly or wrongly.'" In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa.

2010) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." In re Asbestos Products Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Moreover, when asserting an argument for clear error or manifest injustice, the moving party "must base its motion on arguments that were previously raised but were overlooked by the Court." United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). "[T]he [moving] party must persuade the court not only that its prior decision was wrong, 'but that it was clearly wrong and that adherence to the decision would create a manifest injustice.'" Broad. Music, Inc. v. Crocodile Rock Corp., Civ. A. 12-4945, 2014 WL 3953182, at *1 (E.D. Pa. Aug. 12, 2014) (quoting In re City of Phila. Litig., 158 F.3d 711, 720-21 (3d. Cir. 1998)). Proving manifest injustice is a heavy burden, requiring the movant to show that the record is "so patently unfair and tainted that the error is manifestly clear to all who view it." Teri Woods Pub., L.L.C. v. Williams, No. 12-04854, 2013 WL 6388560, *2 (E.D. Pa. Dec. 6, 2013) (quoting In re Titus, 479 B.R. 362, 367-68 (Bankr. W.D. Pa. 2012)).

## IV. ANALYSIS

In the Motion for Reconsideration, Jefferson does not allege new facts or a change in the law. Jefferson only argues that the Motion should be granted to prevent a manifest injustice. (Doc. No. 26 at 4.) Specifically, Jefferson contends that the Court made a factual error. Jefferson argues that there is no evidence to show that Plaintiff provided Jefferson with any

documentation explaining his absence during the period from January 2, 2012 to January 9, 2012. (Doc. No. 26 at 4.)[3] The Court disagrees with Jefferson's claim for the following reasons.

In the Opinion dated July 28, 2014 on Jefferson's Motion for Summary Judgment, the pertinent documents, including deposition testimony were reviewed. (Doc. No. 22 at 2.) Urging this Court to reconsider its ruling, Jefferson relies on a few lines of Plaintiff's deposition to argue that Plaintiff did not submit proper documentation for it to qualify as a request for a reasonable accommodation under the ADA. (Doc. No. 26 at 4.) Jefferson contends that the documentation Plaintiff delivered to Jefferson was not sufficient to justify his absence from January 2, 2012 to January 9, 2012. (Id. at 3.) Jefferson made this same argument in its Motion for Summary Judgment and this Court addressed it in its July 28, 2014 Opinion. (Doc. No. 17 at 12; Doc. No. 22 at 6.)

Although the termination letter sent to Plaintiff focuses on his unexplained absence from December 20, 2011 to January 9, 2012, Jefferson now concedes that it did receive a doctor's note from the period December 20, 2011 to January 1, 2012. (Doc. No. 21 at 2.) Regarding the second week of absence from January 2, 2012 to January 9, 2012, at his deposition, Plaintiff stated that he made several telephone calls to Carmella Harrison, the lead administrator of Jefferson's HR department, and left her voicemails explaining his absence. (Doc. No. 20 at ¶¶ 37-38.) He also testified that he called Dr. Quintriliani, his attending physician, to have him send another note to cover Plaintiff's absence from January 2, 2012 to January 9, 2012. (Doc. No. 20, Ex. A at 173.) Dr. Quintriliani prepared the note on a prescription pad and gave it to Plaintiff.

---

[3] Jefferson contends that during Plaintiff's deposition, he admitted that no documentation that he provided to Jefferson excused his absence from January 2, 2012 to January 9, 2012. Jefferson takes the deposition testimony out of context by ignoring Plaintiff's later testimony that describes the actions he took to submit the documentation sufficient to excuse his absence from December 20, 2011 to January 9, 2012. This information was discussed in the Opinion denying the summary judgment motion.

Plaintiff testified that he hand delivered the note to HR on January 9, 2012 as well as the first doctor's note, covering the time period from December 20, 2011 to January 1, 2012. (Doc. No. 20 at 15; Doc. No. 20 at Exs. N and Q.) These notes were delivered to Jefferson within the time frame referred to in the termination letter.

Jefferson contends that the Court committed error in relying on Document 20-1 at Paragraph 40, the prescription pad note from Plaintiff's physician stating that Plaintiff could return to work on January 9, 2012. Jefferson argues that this note is not sufficient to raise a genuine issue of material fact that the absence was justified. This argument is not persuasive. The letter raises a genuine issue of material fact as to whether Plaintiff made a request for leave as an accommodation and thus whether his termination was warranted. According to Plaintiff, the documents he submitted and his other conduct amount to a proper procedure for requesting an accommodation. (Doc. No. 20 at 14.) Although Jefferson disputes that Plaintiff's documentation and conduct were the proper procedure for requesting the leave accommodation, a genuine issue of material fact has been raised by Plaintiff on this point. (Doc. No. 21 at 2.)

Accordingly, Jefferson has failed to meet the requisite standard to grant a motion for reconsideration. Jefferson is simply recycling arguments from the Motion for Summary Judgment as a Motion for Reconsideration. Because no clear error of fact or manifest injustice has been shown, Jefferson's Motion for Reconsideration will be denied. An appropriate Order follows.